**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN PATRICK HALLER, CDCR #T-46917,<br><br>                                    Plaintiff,<br><br>vs.<br><br>SAN BERNARDINO COUNTY SHERIFF'S OFFICE; P. CASAS, Officer,<br><br>                                    Defendants. | Civil No.    11-0603 JAH (POR)<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, PURSUANT TO 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

   John Patrick Haller ("Plaintiff"), who is currently incarcerated at the California Correctional Institution in Tehachapi, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims the San Bernardino County Sheriff's Department and one of its deputies used excessive force causing injury while effecting his arrest on April 7, 2010. (Compl. at 2-3.)

   Plaintiff has not prepaid the $350 civil filing fee mandated by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

/ / /

## I.

## Venue

Upon initial review, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff alleges constitutional violations arising out of events occurring in San Bernardino County. (Compl. at 1.) Moreover, both Defendants are alleged to reside in San Bernardino County; neither is alleged to reside in San Diego or Imperial Counties. *See* Compl. at 2.

Therefore, the Court finds venue is proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), but not in the Southern District of California pursuant to 28 U.S.C. § 84(d). *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.[1]

/ / /

/ / /

---

[1] Because the Court finds transfer appropriate, it defers ruling on Plaintiff's Motion to Proceed IFP to the Central District [ECF No. 2] and expresses no opinion as to whether Plaintiff's Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing screening procedure required of prisoners' complaints by 28 U.S.C. § 1915A(b)).

## II.

## Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this case for lack of proper venue, in the interests of justice and for the convenience of all parties, to the docket of the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).

DATED: March 29, 2011

_____
HON. JOHN A. HOUSTON
United States District Judge